ROBERT R. ROCKENFIELD & ASSOCIATES, INC., APPELLEE, *v.* SCHINGLEDECKER, APPELLANT.

(No. C-820559—Decided May 11, 1983.)

*Messrs. Reisenfeld & Hiller* and *Mr. Sylvan P. Reisenfeld,* for appellee.

*Messrs. Cohen, Todd, Kite & Stanford* and *Mr. Thomas H. Bergman,* for appellant.

BLACK, J. In a bench trial, plaintiff-appellee, Robert R. Rockenfield & Associates, Inc. (herein "Rockenfield"), a personnel placement service, obtained a judgment against defendant-appellant, Bruce Schingledecker (herein "Schingledecker"), for $5,750, the amount of its fee for referring Schingledecker to a job that he accepted. The principal questions raised in Schingledecker's appeal are: whether R.C. 4143.14(C)(2)(a), requiring the existence of a "bona fide referral" based on a "bona fide job order," creates a condition precedent which the personnel placement service must prove in its case-in-chief in order to recover an unpaid placement fee; and if so, whether the evidence in this case was sufficient to prove that condition precedent. Associated questions are whether Rockenfield made a false representation to Schingledecker precluding its recovery, and whether the judgment was against the weight of the evidence.

The principal questions have not been decided by any reported case in Ohio. They stem from the adoption in 1981 of R.C. 4143.01 *et seq.* providing for the licensing, bonding and regulation of personnel placement services for hire, under the supervision of the Ohio Department of Commerce. The instant case is governed by these statutes. R.C. 4143.01 sets forth certain definitions; Rockenfield falls within the definition of "personnel place-

ment service" operating for "hire," and the job accepted by Schingledecker falls within the definition of "employment."

R.C. 4143.14 contains a number of provisions governing the relationship between a job applicant and a personnel placement service, including the provisions *sub judice,* found in division (C)(2)(a), which reads:

"(2) A placement fee is earned and may be charged an applicant only when one of the following conditions exist[s]:

"(a) When the applicant accepts employment as a result of a *bona fide referral* by the personnel placement service. The referral must be based on a *bona fide job order.*" (Emphasis added.)

Under R.C. 4143.14(C)(1), a "bona fide referral" occurs upon the happening of three events: the personnel placement service informs the applicant where and to whom to report for an interview; the personnel placement service informs the employer of the name and qualifications of the applicant; and the employer and the applicant agree on a definite time and place for the interview. The referral, however, must be based on a "bona fide job order," which is defined in R.C. 4143.01(E) as follows:

" 'Bona fide job order' means a record of a communication between an employer and a personnel placement service authorizing the personnel placement service to refer an applicant to the employer."

R.C. 4143.12 contains additional provisions about "bona fide job orders," in division (I).[1] R.C. 4143.12 begins with what we believe is language defining the

---

[1] R.C. 4143.12(I) reads in full:

"No licensee shall publish any notice or advertisement pertaining to a specific job unless the licensee has on file a bona fide job order for that job. No licensee shall refer an applicant to an employer without having a bona fide job order from the employer or his agent. Nothing in this division shall be deemed to pro-

hibit referrals to employers who have expressed an interest in interviewing applicants who meet certain general qualifications outlined by the employer provided a job order to that effect is on file with the personnel placement service.

"Each licensee shall maintain on file for one year following the last action taken by the

scope and intent of the section: "The following restrictions are placed on the operations of licensed personnel placement services: * * *" Divisions (A) through (J) make comprehensive statements about the conduct of the business of placing applicants in jobs, and we believe the purpose of this section is to set forth what is required of a personnel placement service in order to retain its license. Division (I) requires that the personnel placement service keep in its files all bona fide job orders from the employers, in a form containing specific information, which will be retained for one year following the last action taken by the licensee on any specific job.

The first question in the instant appeal is whether R.C. 4143.14(C)(2)(a) is mandatory and creates a condition precedent to recovery of a fee by a personnel placement service. Our reading of the entire section convinces us that it was intended by the legislature to set forth mandatory requirements governing the relationship between applicants and personnel placement services. The section governs matters from the form and contents of the contract between the parties, to the conditions and methods for refund of a placement fee. Division (C)(2) specifies what must occur before a placement fee "is earned and may be charged," language that obviously includes the concept of "due and payable." The language chosen by the legislature and the overall design and intent of R.C. 4143.14 lead us to the conclusion that its provisions are mandatory as between the personnel placement service and the applicant.

We hold that in order to establish its right to recover a placement fee from an applicant, the personnel placement service must establish, as a condition precedent to recovery, the fact that it has complied with R.C. 4143.14(C)(2). To this extent, we agree with Schingledecker's argument.

Schingledecker contends, in addition, that proof of the existence of a bona fide job order must be made in one way and only one way: by introducing into evidence a job order in the form specified in R.C. 4143.12(I). Here we disagree. R.C. 4143.12 may contain mandatory provisions required of a personnel placement service in order to maintain its license to do business. It does not, in our judgment, set forth the sole and exclusive way whereby a personnel placement service establishes the existence of a bona fide job order underlying a bona fide referral. Neither R.C. 4143.12 nor 4143.14 contains language clearly stating that there is only one way to prove the right to recover an unpaid fee. We find no language similar to that employed by the legislature, for instance, when it provided that the only proof of title to or interest in a motor vehicle is a certificate of title.[2] We hold that the existence of the bona fide job order may be proved by any type of

---

licensee on any job a job order for each job to which it refers an applicant. Each job order shall be recorded on a form and shall contain the following information:

"(1) The name of the person communicating the job order to the personnel placement service;

"(2) The date of the communication;

"(3) The name of the person accepting the job order for the personnel placement service;

"(4) All known conditions of employment associated with the job;

"(5) All known job requirements;

"(6) The name and address of the employer and the name of the person to whom an applicant is to report for an interview."

[2] R.C. 4505.04 reads in full:

"No person acquiring a motor vehicle from the owner thereof, whether such owner is a manufacturer, importer, dealer, or otherwise, shall acquire any right, title, claim, or interest in or to said motor vehicle until such person has had issued to him a certificate of title to said motor vehicle, or delivered to him a manufacturer's or importer's certificate for it; nor shall any waiver or estoppel operate in favor of such person against a person having possession of

evidence so long as the evidence is sufficient to establish its existence. One way to establish it would be to introduce the file copy of the job order, but that is not the only way.

In the instant case, Rockenfield did not offer its file copy of the bona fide job order that it received from Chelsea Moore Company, the ultimate employer of Schingledecker. The evidence, however, was sufficient to establish the condition precedent. Rockenfield's witnesses testified, and Schingledecker himself conceded, that Chelsea Moore Company's hiring officers interviewed Schingledecker in Rockenfield's offices in two prearranged, scheduled conferences, that the job openings discussed were "property manager" and "senior property manager," and that the job he accepted with Chelsea Moore Company was for property management. Both interviews were noted in a "send out" form that clearly identified the employer, the applicant and the job openings; each of the two forms was signed by Schingledecker, and each referred by file number to the underlying job order from Chelsea Moore Company. This evidence was sufficient for a reasonable mind to find that both the bona fide job order and the bona fide referral were proved by a preponderance of the evidence. The first and second assignments of error[3] have no merit.

In his third assignment of error, Schingledecker contends that the court's judgment was erroneous because Rockenfield's employee made a false representation: to wit, that Chelsea Moore would pay the placement fee. The evidence was conflicting on this point, and we need not review it in detail. The court was entitled to believe the evidence favoring Rockenfield's version of the facts, which in itself was sufficient to support the judgment. The third assignment of error has no merit.

The fourth and fifth assignments of error[4] raise similar evidentiary issues, the arguments here being that Rockenfield failed to establish the causal connection between Rockenfield's referral and Schingledecker's acceptance of Chelsea Moore Company's job offer. Again, the evidence is conflicting, but it was sufficient for a reasonable mind to find for Rockenfield. Further, there being no miscarriage of justice, the judgment was not against the manifest weight of the evidence. The last two assignments of error are without merit.

We affirm.

*Judgment affirmed.*

DOAN and KLUSMEIER, JJ., concur.

---

such certificate of title, or manufacturer's or importer's certificate for said motor vehicle, for a valuable consideration.

"No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:

"(A) By a certificate of title or a manufacturer's or importer's certificate issued in accordance with sections 4505.01 to 4505.19, inclusive, of the Revised Code.

"(B) By admission in the pleadings or stipulation of the parties."

[3] "First Assignment of Error:
"The Trial Court Erred in Granting a Judgment for a placement fee where no Bona Fide Job Order was introduced or proved.

"Second Assignment of Error:
"The Trial Court Erred in Granting a Judgment for a placement fee where no Bona Fide Referral was proved."

[4] "Fourth Assignment of Error:
"The Trial Court erred in granting a Judgment for a placement fee where it was not shown that the Applicant accepted employment as a result of a Bona Fide Referral.

"Fifth Assignment of Error:
"Any Finding that the acceptance of employment by Plaintiff-Appellant was a result, directly or indirectly, of a Bona Fide Referral is against the manifest weight of the evidence."